UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRIS PAGE,

    Plaintiff,                                          Civil Action No. 11-CV-12254

vs.                                                  HON. BERNARD A. FRIEDMAN

MICHAEL J. ASTRUE,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is presently before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA") [docket entry 24]. Defendant has filed a response. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without oral argument. Accordingly, the hearing scheduled for March 13, 2013, is canceled.

This is a Social Security disability case. In September 2012 the Court reversed the ALJ's decision and remanded the case for further proceedings. The Court found that the ALJ's decision denying benefits was not supported by substantial evidence for many reasons, including the fact that the ALJ did not properly consider plaintiff's closed head injury (from being attacked by her ex-husband and beaten unconscious with a hammer), frequent headaches, PTSD, problems with memory and concentration, seizure disorder, arthritis, and medication side-effects. The ALJ also disregarded the treating physician's opinion, which was firmly supported by years of treatment and an abundance of objective evidence, that plaintiff cannot work. The ALJ also failed to formulate proper hypothetical questions for the vocational expert. The parties agree that plaintiff is now deemed to have "prevailed" and is therefore permitted to seek attorney fees under the EAJA.

*Plaintiff's Motion for Attorney Fees*

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

In the present case, the government does not argue that its position was substantially justified.  Rather, the government appears to concede that plaintiff is entitled to fees and costs, but it questions the amount of the award.  Plaintiff seeks compensation for 41.5 hours of attorney time at $150 per hour ($6,225) plus $126.60 in costs.  In response, the government argues that the hourly rate should be $125 and that 6.1 hours should be deducted from those plaintiff claims.  The government does not oppose the requested $126.60 in costs.

1. *Hourly Rate*

The EAJA provides that

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, . . . and reasonable attorney fees. The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee

28 U.S.C. § 2412(d)(2)(A).  Plaintiff argues that inflation since 1996, when the $125/hour rate was

set, justifies an hourly rate of $150.  She points to the Consumer Price Index and claims that her fee would be $7,636 ($184/hour) if adjusted for inflation.  Plaintiff concedes that "an exhaustive review of cases in the Eastern District of Michigan reveals that awards of $125 per hour are not usual." Pl.'s Br. at 4.  She cites only one case, *Zanon v. Comm'r of Soc. Sec.*, 2010 WL 1524143, at *4 (E.D. Mich. Apr. 15, 2010), in which the court awarded a higher hourly rate.  In that case, Judge Cohn awarded an hourly rate of $170 by taking the $125 statutory rate and raising it to allow for an increase in the Consumer Price Index since 1996.

In response, the government cites *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), for its statement that

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 895 n. 11, 104 S.Ct. 1541.
>
> \*   \*   \*
>
> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence. *In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.* Moreover, Plaintiffs' policy arguments arguably justifying a legislative increase to the EAJA's statutory cap are not relevant to this Court's review for abuse of discretion. For these reasons, we affirm the decisions of the district court limiting the hourly-fee rate in these cases to $125.

(Emphasis added.)

In a recent EAJA case not cited by either party, *Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203, at *2 (E.D. Mich. Oct. 5, 2012), Judge Goldsmith noted that under *Bryant* the court may not increase the hourly rate based solely on data, such as the Consumer Price Index, showing an increase in the cost of living. However, in that case Judge Goldsmith did award a higher rate ($170) based on additional evidence in the form of affidavits indicating that many lawyers will not take Social Security cases at $125/hour due to the high risk of losing.

Similarly, in *Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012), Judge Cohn denied plaintiff's request for EAJA fees at a rate higher than $125/hour because "the court of appeals [in *Bryant*] held that plaintiffs failed to meet their burden of proof simply by relying on the CPI." It would appear that Judge Cohn was unaware of *Bryant* when he decided *Zanon* in 2010. The government may also have been unaware of *Bryant* at that time, as Judge Cohn noted in *Zanon* that the government "does not dispute [plaintiff's] method of calculating the rates." *Zanon*, 2010 WL 1524143, at *2.

In the present case, the court should award fees at the statutory rate of $125/hour. Plaintiff has done nothing to meet her burden under *Bryant* to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." 578 F.3d at 450. Plaintiff simply points to the Consumer Price Index, which *Bryant* specifically held is insufficient. Since it is plaintiff's burden to justify a rate higher than $125/hour, and she has not met that burden, the rate must remain at $125/hour.

2. *Plaintiff's Time Records*

Plaintiff's attorney claims she has spent 41.5 hours working on this case. Her detailed billing records are attached to her motion as Ex. 1. The government argues that 6.1 hours should be deducted for time spent on (1) prelitigation work or attempting to fax documents to the client, (2) clerical work or (3) work not directly related to filing or prosecuting the case.

The Court has reviewed the billing records and has paid particular attention to the entries highlighted by the government. With the exception of 0.2 hours plaintiff's attorney spent on 9/21/11 discussing plaintiff's questions "with regard to her son getting benefits, if we prevail on the Federal Court case," the Court finds that all of the time claimed is reasonable, directly related to the prosecution of the case and fully compensable. For example, it was fully appropriate for plaintiff's attorney to spend time discussing the case with plaintiff by telephone, sending her correspondence about the procedural and substantive aspects of the case, faxing her documents – including the *in forma pauperis* application – relating to the case; reviewing summonses, motions and court orders;  and discussing plaintiff's medical condition with plaintiff. The Court is experienced enough to know how much time a competent attorney might need to perform tasks such as these and is satisfied there is no "padding" in these records. The Court shall deduct the 0.2 hours claimed for the 9/21/11 telephone call and order that plaintiff be compensated for 41.3 hours.

3. *To Whom Payable?*

Finally, the government correctly argues that whatever fees and costs are awarded, the amount must be paid to plaintiff directly, not to plaintiff's attorney. EAJA awards go directly to the prevailing party, not the prevailing party's attorney. The Sixth Circuit said so explicitly in

5

*Bryant*: "[W]e conclude that [Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney." 578 F.3d at 449.

*Conclusion*

For the reasons stated above, the Court shall award EAJA fees in this matter in the amount of $5,162.50 (41.3 hours x $125/hour) plus $126.60 in costs. Accordingly,

IT IS ORDERED that plaintiff's motion for attorney fees and costs is granted in the total amount of $5,289.10.

IT IS FURTHER ORDERED that the award is to be paid to plaintiff directly, not to plaintiff's attorney.

Date: February 1, 2013           s/ Bernard A. Friedman
                                 BERNARD A. FRIEDMAN
                                 SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 1, 2013, electronically or by U.S. mail.

                                 s/Michael Williams
                                 Relief Case Manager for the Honorable
                                 Bernard A. Friedman